IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DIANE CABNESS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLETHA BROWN, *et al.*,<br>　　　　Defendants. | No: 1:22-cv-00179-MSN-JFA |

## **MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant Government Employees Insurance Company's Motion to Dismiss (Dkt. No. 15). Upon consideration of the motion, and for the reasons set forth below, this Court will grant Defendant's Motion.

On February 17, 2022, Plaintiff Diane Cabness filed a Complaint regarding a motor vehicle accident that occurred on February 19, 2020 in Arlington County, Virginia. (Dkt. No. 1-2 at 5). Cabness alleges that she was involved in a collision in Virginia with a vehicle driven by Defendant Charletha Brown ("Brown") and suffered various personal injuries as a result of the accident. *Id.* Cabness has also attached a police crash report to her Complaint. *See id.* at 1–5. She seeks $700,000 in compensatory damages. (Dkt. No. 1 at 4). Defendant Government Employees Insurance Company ("GEICO") has moved to dismiss the Complaint for failure to state a claim for relief against GEICO (Dkt. No. 15). Cabness failed to file a response to the motion.[1] This Court

---

[1] Although a plaintiff "waives the right to contest the arguments made [in a motion to dismiss]" when he fails to respond to the motion, *Prince v. Clarke*, No. 2:17-cv-007, 2018 WL 2033700, at *6 (E.D. Va. Mar. 21, 2008) (citing *Westry N. Carolina AT&T State Univ.*, 286 F. Supp. 597, 600 (M.D.N.C. 2003), *aff'd*, 94 F. App'x 184 (4th Cir. 2004)), a district court "nevertheless has an obligation to review the motion[] to ensure that dismissal is proper," *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

will now grant GEICO's motion.

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). A complaint by a *pro se* plaintiff should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). But the Court's "task is not to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

Although it is not clear precisely what causes of action Cabness intends to raise in this action, the Court will construe Cabness as bringing tort and contract causes of action against the Defendants. *See* (Dkt. No. 1-1 at 1) (civil cover sheet indicating the nature of suit is contract (insurance) and torts (motor vehicle)). Any tort claim against GEICO appears to arise from the allegation that GEICO allegedly insured Brown. Under these circumstances, Cabness cannot maintain a claim against GEICO because, with certain exceptions not applicable here, Virginia does not permit direct actions against liability carriers. *Builders Mut. Ins. Co. v. Futura Grp., L.L.C.*, 779 F. Supp. 2d 529, 535 (E.D. Va. 2011) ("Moreover, [Virginia] Code § 8.01–5 (formerly § 8–96), prohibits the joinder of an insurance company on account of the issuance of an insurance policy to or for the benefit of any party to any cause.") (quotation marks and citation omitted). And under Virginia law, "an injured person must reduce his claim to judgment before bringing an action

against the tort-feasor's liability insurer." *Builders*, 779 F. Supp. 2d at 535 (citing *United Services Auto Ass'n. v. Nationwide Mut. Ins. Co.*, 241 S.E.2d 784, 788 (Va. 1978)).[2] The Court therefore dismisses the tort claim against GEICO for failure to state a claim for relief.

Nor does Cabness state a claim for relief under any contractual theory. There are no factual allegations to suggest a contractual relationship between GEICO and Cabness existed, foreclosing any relief on a contract claim. To state a claim for breach of contract under Virginia law, a plaintiff must plead "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by breach of [the] obligation." *Eplus Tech., Inc. v. Nat'l R.R. Passenger Corp.*, 407 F. Supp. 2d 758, 761 (E.D. Va. 2005) (citing *Filak v. George*, 267 Va. 612, 619 (2004)).[3] Cabness fails to plead any facts to suggest that any of these three elements are met with respect to GEICO, including that GEICO had a legally enforceable obligation to Cabness. The Court therefore dismisses the contract claim against GEICO for failure to state a claim for relief.

For the reasons stated above, the Court grants Defendant Government Employees Insurance Company's Motion to Dismiss. Accordingly, it is hereby

**ORDERED** that Defendant Government Employees Insurance Company's Motion to Dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that the claims against Defendant Government Employees Insurance Company (Dkt. No. 1) are **DISMISSED**.

---

[2] When a federal court exercises diversity jurisdiction over a state law claim, the Court must apply the choice of law rules of the forum state. *In re Merrit Dredging Co., Inc.*, 839 F.2d 203, 206 (4th Cir. 1988). Under Virginia law, tort claims are governed by the place of the wrong. *Quillen v. Int'l Playtex, Inc.*, 789 F.2d 1041, 1044 (4th Cir. 1986). Here the place of the wrong was the car accident, which Cabness alleges occurred in Virginia. Virginia tort law therefore applies here.

[3] Although Cabness makes no reference to a contractual agreement with GEICO, the Court notes that under Virginia law, courts apply the law of the state where the contract was made. *Dairy Energy, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, 566 F. Supp. 3d 515, 522 (W.D. Va. 2021).

It is **SO ORDERED**.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
June 26, 2023